**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL A. OGLESBY,

        Plaintiff-Appellant,

v.

HY-VEE, INC.,

        Defendant-Appellee.

No. 05-3489
(D.C. No. 04-CV-2440-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

Plaintiff Michael A. Oglesby appeals the order entered by the district court granting defendant Hy-Vee, Inc. summary judgment on his claim that Hy-Vee terminated him from his employment at its store in Overland Park, Kansas, because of his age in violation of the Age Discrimination in Employment Act

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

(ADEA), 29 U.S.C. § 623(a)(1).[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the entry of summary judgment in favor of Hy-Vee. We reach this result because, while Oglesby put forth sufficient evidence to establish a prima facie case of age discrimination in violation of the ADEA, we agree with the district court that there are no genuine issues of material fact for trial on the question of whether the legitimate nondiscriminatory reason proffered by Hy-Vee for Oglesby's termination (*i.e.*, sleeping on the job) was pretextual.

## A. Factual Background.

We commend the district court for its thoroughness in setting forth the factual background pertaining to Oglesby's age discrimination claim, and we will not repeat that detailed background here. *See* Aplt. App., Vol. II at 442-57. Specifically, we will assume a working familiarity with the detailed facts set forth by the district court pertaining to the following categories of evidence: (1) Oglesby's employment background and his job responsibilities as a "scanning coordinator" at the grocery store operated by Hy-Vee in Overland Park, Kansas, *id.* at 442-43; (2) Oglesby's relationship with his highest-ranking supervisor and the person who terminated him, Brett Bremser, the store director at the Overland

---

[1]    In his complaint, Oglesby also alleged that Hy-Vee violated the ADEA by: (1) subjecting him to a hostile work environment; and (2) retaliating against him because he complained about age discrimination at the Overland Park store. Oglesby has abandoned both of these claims, however, and we therefore do not need to consider them.

Park store, *id.* at 443-44; (3) Oglesby's allegations regarding the discriminatory age-related comments that various employees at the Overland Park store made to him between 2002 and his termination in March 2004, *id.* at 444-49; (4) the termination of Oglesby's employment at the Overland Park store in March 2004 for allegedly sleeping on the job, *id.* at 451-56; and (5) Hy-Vee's treatment of other employees at the Overland Park store, *id.* at 456-57.

At the time of his termination, Oglesby was fifty-two years old. Hy-Vee subsequently hired Belinda Siler to replace Oglesby as a scanning coordinator at the Overland Park store. Siler is five years and seven months younger than Oglesby, and she was forty-seven years old when she was hired by Hy-Vee.

## B. Summary Judgment Standards.

"We review a district court's grant of summary judgment de novo, applying the same legal standards used below." *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1257 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Burke*, 462 F.3d at 1258 (quotation omitted). "At the summary judgment stage, a complainant cannot rest on . . . mere allegations, but

must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.* (quotation omitted).

### C. Legal Framework for Analyzing Oglesby's ADEA Claim.

The district court correctly summarized the legal framework that governs this case:

> The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on his ADEA claim, plaintiff must establish that age was a determining factor in the challenged decision. See Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996) (citing Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir. 1988)). Plaintiff need not show that age was the sole reason, but he must show that age "made the difference" in any adverse employment action. Id. (quoting EEOC v. Sperry Corp., 852 F.2d 503, 507 (10th Cir. 1988)). Plaintiff may meet this burden by direct evidence of age discrimination or by the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), and Tex. Dep't of Comm'y Affairs v. Burdine, 450 U.S. 248, 252-56 (1981). See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000). . . .
>
> Under McDonnell Douglas, plaintiff initially bears the burden of production to establish a prima facie case of discrimination. 411 U.S. at 802. If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a facially nondiscriminatory reason for its actions. See Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1533 (10th Cir. 1995). If defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to plaintiff to present evidence from which a jury might conclude that defendant's proferred reason is pretextual, that is, "unworthy of belief." Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995)).
>
> . . . .

-4-

> . . . Evidence of pretext may take a variety of forms. . . . Plaintiff can show pretext by pointing to "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (quotations omitted). Typically, a plaintiff demonstrates pretext with evidence that (1) defendant's stated reason for the adverse action was false; (2) defendant acted contrary to written company policy prescribing the action to be taken by defendant under the circumstances; or (3) defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse decision. See Kendrick, 220 F.3d at 1230. Plaintiff can show pretext under the third category by showing that defendant treated him differently from other similarly situated employees who violated work rules of comparable seriousness. See id.

Aplt. App., Vol. II at 458-59, 461.

Before proceeding to the merits of this appeal, we note that Hy-Vee has misstated the showing that Oglesby must make to survive summary judgment. In its brief, Hy-Vee argues that Oglesby "has not shown any evidence of age discrimination – either in the *prima facie* case or in the pretext prong." Aplee. Br. at 10. According to Hy-Vee, Oglesby has therefore "not established a triable claim of age discrimination," and summary judgment in its favor was thus proper. *Id.*

Hy-Vee is wrong, as it misapprehends the evidentiary showing that a plaintiff must make to survive summary judgment in an age discrimination case that is based on circumstantial evidence. On this point, our decision in

-5-

*Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114 (10th Cir. 2005) is instructive.

As we explained there, a plaintiff can survive summary judgment by putting forth

sufficient evidence of pretext, and it is not necessary to offer evidence of

discrimination:

> Our precedent does not require a plaintiff to offer any evidence
> of actual discrimination when attempting to show pretext. *See Ingels*
> *[v. Thiokol Corp.*, 42 F.3d 616, 621 (10th Cir. 1994), *abrogated on*
> *other grounds, Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.
> 2003)]. Evidence tending to show pretext permits an inference that
> the employer acted for discriminatory reasons. *Morgan*, 108 F.3d
> at 1323. "Thus, a factfinder may, but is not required to, find
> discrimination when a plaintiff presents evidence that the defendant's
> proffered reasons are unworthy of credence." *Ingels*, 42 F.3d
> at 621-22. . . .
>
>    . . . .
>
> In short, at the summary judgment stage, the inference of
> discrimination permitted by evidence of pretext must be resolved in
> favor of the plaintiff. *See Simms [v. Okla. ex rel. Dep't of Mental*
> *Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.
> 1999)]. Thus, once a plaintiff presents evidence sufficient to create
> a genuine factual dispute regarding the veracity of a defendant's
> nondiscriminatory reason, we presume the jury could infer that the
> employer acted for a discriminatory reason and must deny summary
> judgment. *See Morgan*, 108 F.3d at 1323; *Ingels*, 42 F.3d at 621-22.

*Id.* at 1125.

**D. Prima Facie Case.**

The district court correctly set forth the elements of proof that are required

to establish a prima facie case of discriminatory discharge in an age

discrimination case such as this one. As the court explained:

Generally, to establish a prima facie case of age discrimination in termination or reassignment, plaintiff must show that (1) he was a member of the protected age group, over age of 40; (2) he was doing satisfactory work; (3) he suffered an adverse employment action; and (4) defendant filled his position with a younger person. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Rivera v. City & County of Denver, 365 F.3d 912, 920 (10th Cir. 2004). . . .

In O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996), the United States Supreme Court noted that to establish a prima facie case of age discrimination, plaintiff must produce evidence sufficient to create an inference that defendant based its employment decision on age. See id. at 312. With respect to the fourth element, the Supreme Court held that plaintiff need not show that defendant replaced him with an employee outside the protected class, i.e. under 40 years old. Id. at 312. Rather, the Supreme Court held that to create an inference of age discrimination with respect to the fourth element, plaintiff must show a significant age difference between him and the worker who replaced him. See id. at 313.

Aplt. App., Vol. II at 459-60.

Here, the parties dispute only whether Oglesby has satisfied the fourth element of his prima facie case. As noted above, at the time he was terminated, Oglesby was fifty-two years old. Hy-Vee subsequently hired Belinda Siler to replace Oglesby, and she was forty-seven years old at the time she was hired. There was thus a five-year age difference between them.

In *Whittington v. Nordam Group Inc.*, 429 F.3d 986 (10th Cir. 2005), the defendant employer argued that the Supreme Court's decision in *O'Connor* required this court "to establish a bright-line rule that a five-year age difference is

insignificant as a matter of law in age-discrimination cases." *Id.* at 994. We

disagreed, and we explained our holding as follows:

> [W]e disagree with [defendant] that the five-year age difference
> would be dispositive. To be sure, the extent of the age difference
> between comparable employees is obviously relevant to the ultimate
> question of age discrimination. That [plaintiff] was only five years
> older than Mr. Overbey, who kept his job, makes it more difficult
> for the jury to infer that [defendant] discriminated against [plaintiff]
> . . . because of his age. But that fact should be but one factor
> weighed by the jury.
>
>     . . . .
>
> In our view, a definitive five-year rule is unjustified. We are
> not convinced that all five-year age differences are the same. . . .
>
> To the extent that other circuits establish a direct-evidence
> requirement when the age difference is less than five years, we
> choose not to follow them. . . . We decline to set rigid guidelines
> and will leave to the jury the evaluation of the evidence, subject as
> always to the oversight of the district court to refuse to permit
> unreasonable findings.

*Id.* at 995-96.

In light of *Whittington*, we conclude that Oglesby satisfied the fourth

element of his prima facie case, despite the fact that his replacement was only

five years younger than him.

**E. Analysis.**

The evidence shows that Bremser terminated Oglesby's employment with

Hy-Vee on March 6, 2004 during a private meeting with Oglesby. Bremser's

stated reason for terminating Oglesby was that he had allegedly gone to sleep

during his work shift on March 3, 2004. Specifically, according to the "Employee Termination Report" that he prepared after he fired Oglesby, Bremser terminated Oglesby for "[t]heft of time. Employee was found to be sleeping for extended period of time while on the clock." Aplt. App., Vol. I at 140. Hy-Vee claims that it cannot be liable for age discrimination because Bremser "genuinely believed that Plaintiff intentionally slept on the job for an extended period of time," Aplee. Br. at 10, and Bremser therefore had a legitimate nondiscriminatory reason for firing Oglesby. Oglesby does not dispute that sleeping on the job is a legitimate nondiscriminatory reason for terminating an employee for purposes of the *McDonnell Douglas* burden-shifting framework. Thus, we focus exclusively on the question of pretext.

As the district court correctly pointed out, "[i]n determining whether defendant's stated reason is pretextual, the Court examines the facts as they appeared to Bremser, the person who made the decision to terminate plaintiff's employment." Aplt. App., Vol. II at 462; *see also Kendrick*, 220 F.3d at 1231 ("[A] challenge of pretext requires us to look at the facts as they appear to the person making the decision to terminate plaintiff."). In addition, we have also recognized that "a mistaken belief can be a legitimate reason for an employment decision and is not necessarily pretextual." *Kendrick*, 220 F.3d at 1231 (quotation omitted). Consequently, in evaluating the legitimacy of an employer's proffered reason for terminating an employee, "[t]he relevant inquiry is not whether [the

employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." *Rivera*, 365 F.3d at 924-25 (quotation omitted); *see also Young v. Dillon Companies, Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (stating that "the relevant 'falsity' inquiry is whether the employer's stated reasons were held in good faith at the time of the discharge, even if they later prove to be untrue").  As we have explained, "[t]he reason for this rule is plain: our role is to prevent intentional discriminatory hiring practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." *Young*, 468 F.3d at 1250 (quoting *Jones v. Barnhart*, 349 F.3d 1260, 1267 (10th Cir. 2003)).

The district court determined that "the [summary judgment] record does not support an inference that [Hy-Vee's] stated reason for the discharge is pretextual." Aplt. App., Vol. II at 462.  We agree.  Limiting our examination to the facts as they appeared to Bremser at the time he terminated Oglesby, we conclude that Oglesby failed to put forth sufficient evidence to create a genuine issue of material fact for trial on the question of whether Bremser's proffered legitimate reason for terminating Oglesby (*i.e.*, sleeping on the job) is unworthy of belief.

To begin with, the only first-hand information that Bremser received regarding the allegation that Oglesby was sleeping on the job during the early

-10-

morning hours of March 3, 2004 is the information that he received from Jose Estrada. Estrada was the night stock manager at Hy-Vee's Overland Park store, and he is the only person who allegedly witnessed Oglesby sleeping on March 3. On March 5, Bremser and Estrada had a face-to-face meeting to discuss what Estrada had witnessed on March 3. *See* Aplt. App., Vol. II at 228 (Bremser Dep. pages 28-29). According to the affidavit that Bremser submitted in support of Hy-Vee's motion for summary judgment, Estrada told Bremser the following facts at the meeting on March 5:

> 10. On March 5, Joel Allen informed me that Mr. Estrada had seen Mr. Oglesby sleeping on the clock. I later met with Jose Estrada to discuss what he observed. Mr. Estrada told me that on the last night Mr. Oglesby worked, Mr. Estrada went to the scanning office to get a box cutter and found the door locked. Mr. Estrada did not have a key and turned to walk away. As he was leaving, he heard some noise. He told me he turned back around and saw the light turn on, and Mr. Oglesby opened the door. Mr. Estrada said he saw Mr. Oglesby sitting in two chairs, and it appeared he had been sleeping.

> 11. Mr. Estrada also said that when he left the office after getting the box cutter, Mr. Oglesby shut the door, turned off the light and remained in the office for an hour and a half.

*Id.*, Vol. I at 124.

Importantly, while Oglesby claims there are discrepancies in the different statements that Estrada made regarding what he witnessed on March 3, Oglesby has never directly disputed Bremser's version of what Estrada told him. As a result, the critical inquiry here is whether there is a genuine issue of material fact as to whether Bremser had a good faith belief that Oglesby had been sleeping for

-11-

an extended period of time based on the information he received from Estrada. Like the district court, we conclude that Oglesby has failed to demonstrate that there is a genuine issue of material fact on the question of Bremser's good faith belief.

In reaching this conclusion, we have taken into consideration two points that could arguably support a finding of bad faith on Bremser's part. First, Estrada did not tell Bremser that he actually saw Oglesby sleeping when he arrived at the scanning office. Instead, it only "appeared he had been sleeping." Second, Estrada did not provide any first-hand information to Bremser to the effect that Oglesby had gone to sleep at anytime after Estrada left the scanning office. To the contrary, Estrada testified at his deposition that he never went back to the scanning office to check on Oglesby.

The lack of direct, conclusive evidence that Oglesby had in fact gone to sleep on the job is not dispositive, however, because Bremser was presented with ample circumstantial evidence that Oglesby was sleeping on the job. First, Estrada told Bremser that the lights in the scanning office were off and the door was closed when he arrived at the office, and Oglesby was "sitting in two chairs." Second, Estrada told Bremser that Oglesby turned the lights back off and shut the door after he left the office. We have no difficulty concluding that this information provided a sufficient basis for Bremser to believe in good faith that Oglesby was sleeping on the job. In addition, we do not see any basis for a jury

to infer bad faith simply because Bremser relied on circumstantial evidence to terminate Oglesby. Accordingly, this is not a case where "the employer's explanation was so weak, implausible, inconsistent or incoherent that a reasonable fact finder could conclude that it was not an honestly held belief but rather was subterfuge for discrimination." *Young*, 468 F.3d at 1250.

As noted above, Oglesby also claims there are discrepancies in the different statements that Estrada made regarding what he witnessed on March 3. Specifically, as summarized by the district court:

> [P]laintiff . . . states that Estrada's version of events lacks credibility. Plaintiff contends that Estrada has changed his story several times. First, Estrada told [Herrick] that he saw plaintiff sleeping for 20 to 30 minutes. Later, Estrada reported that plaintiff had slept for an hour and a half. Plaintiff also contends that Estrada gave conflicting statements whether he or plaintiff turned on the lights.

Aplt. App., Vol. II at 462. As the district court noted, however, "[p]laintiff points to no evidence which demonstrates that Bremser had knowledge of such discrepancies at the time he made the termination decision." *Id.* Consequently, any such discrepancies cannot support a finding of pretext.

Oglesby also alleges that various employees at Hy-Vee's Overland Park store routinely made insulting comments about his age, and the alleged comments are summarized in the district court's memorandum and order. *See* Aplt. App., Vol. II at 444-47. According to Oglesby, the alleged comments "were also probative evidence of pretext." Aplt. Opening Br. at 37. We disagree. "A

plaintiff must demonstrate a nexus exists between the allegedly discriminatory statement[s] and the company's termination decision," *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000), and Oglesby has failed to establish such a nexus here. Moreover, there is no evidence indicating that Bremser ever made a derogatory comment about Oglesby's age, and "age-related comments by non-decision makers are not material in showing [Hy-Vee's] action was based on age discrimination." *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994).

Finally, in an attempt to establish pretext, Oglesby is also relying on evidence in the record showing: (1) that Twila Meyer (another scanning coordinator at Hy-Vee's Overland Park store and a member of the protected class) was demoted by Bremser and replaced by a female employee who was in her mid-twenties approximately four months after Oglesby was fired; and (2) that Kevin Schumacher (a forty-five year old assistant manager who was terminated for sexual harassment a year before Oglesby was terminated) received several warnings before he was terminated in accordance with the company's unwritten policy pertaining to progressive discipline, whereas Oglesby received no warnings before he was fired. We agree with the district court that this evidence is insufficient to create an issue for trial on the question of pretext. As the district court found, "[t]he fact that defendant fired one other employee within four months, standing alone, does not create an inference of discrimination." Aplt.

-14-

App., Vol. II at 463. Further, even if we assume that Schumacher's conduct violated a work rule of comparable seriousness, the fact that Hy-Vee treated a single employee differently in terms of providing progressive discipline is likewise insufficient to create an issue for trial on the question of pretext.[2]

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

KANE, District Judge (sitting by designation), dissents without an opinion.

---

[2] As noted by the district court, Oglesby also "contends that [Hy-Vee's] confusion over the date on which he slept on the job shows pretext." Aplt. App., Vol. II at 462 n.17. This argument is without merit, as we agree with the district court that "the actual date of the offense is immaterial to whether defendant's stated reason is pretextual." *Id*.