**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ERNESTO D. MARTINEZ,

      Plaintiff - Appellant,

vs.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

      Defendant - Appellee.

No. 02-2252

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
### (D.C. No. CIV-00-1567 LCS/RLP)

---

Michael E. Mozes, Law Offices of Michael E. Mozes, P.C., Albuquerque, New Mexico, for Plaintiff - Appellant.

Stephan J. Boardman, Counsel of Record,(Derek W. Black and Eric J. Scharf, Managing Counsel, United States Postal Service, Washington, D.C.; David G. Iglesias, United States Attorney and Michael H. Hoses, Assistant United States Attorney, with him on the brief) U.S. Department of Justice, Albuquerque, New Mexico, for Defendant - Appellee.

---

Before **KELLY**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

    Plaintiff-Appellant Ernesto Martinez appeals the district court's grant of

summary judgment to Defendant-Appellee United States Postal Service ("Postal Service") on his claims of retaliatory treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). As originally filed in November 2000, Mr. Martinez's complaint alleged instances of retaliatory treatment occurring in May 1999, as to which he had filed a formal complaint with the Postal Service EEO office in July 1999, and subsequent conduct he claimed as retaliatory. In May 2002, Mr. Martinez sought to litigate subsequent employment actions as contained in his response to the Postal Service's motion for summary judgment. In particular, Mr. Martinez included allegations that disciplinary actions taken against him, namely a September 2000 reprimand (resulting in a letter of warning and a fourteen day suspension) and his April 2001 termination, constituted retaliatory treatment. Mr. Martinez never filed formal EEO complaints regarding these incidents. Although the letter of warning and fourteen day suspension resulting from the September 2000 reprimand is contained in the complaint, (Aplt. App. at 10, ¶ 24), the April 2001 termination is not. Nor is there an amended complaint.

As to these allegations, the district court held that they could not proceed because they were not like or reasonably related to the allegations in Mr. Martinez's EEO complaint, and Mr. Martinez had failed to exhaust administrative remedies. In determining that Mr. Martinez was required to

exhaust administrative remedies with regard to the September 2000 and April 2001 disciplinary actions the district court relied on our holdings in Jones v. Denver Post Corp., 203 F.3d 748, 755 (10th Cir. 2000) and Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994). See also Brown v. Hartshorne Pub. Sch. Dist., 864 F.2d 680, 682 (10th Cir. 1988). Those cases explain that "[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." See Ingels, 42 F.3d at 625 (quotation omitted).

Although we agree with the district court that these claims were not properly before it, the Supreme Court's recent pronouncement in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), has effected fundamental changes to the doctrine allowing administratively unexhausted claims in Title VII actions. We agree with the government that such unexhausted claims involving discrete employment actions are no longer viable. Morgan abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. Id. at 110-13.

"Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" Id. at 114. In Morgan, this rule applied to bar a plaintiff from suing on claims for which no administrative remedy had been sought, when those incidents occurred more than 300 days *prior* to the filing of plaintiff's EEO complaint. The rule is equally applicable, however, to discrete claims based on incidents occurring *after* the filing of Plaintiff's EEO complaint. As the Court stated "[t]he existence of past acts . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." Id. at 113. While the Court did not apply its holding to hostile work environment claims, those types of claims are not before us. Id. at 117.

Our decisions have unambiguously recognized Morgan as rejecting application of the "continuing violation" theory. In Davidson v. America Online, Inc., 337 F.3d 1179 (10th Cir. 2003), this court explained: "In Morgan, the Supreme Court held that a continuing violation theory . . . is not permitted for claims against discrete acts. . . . [t]hus, a claimant must file a charge . . . within the appropriate limitations period as to each such discrete act . . . that occurred." Id. at 1184. Application of this rule to incidents occurring after the filing of an

EEO complaint is consistent with the policy goals of the statute. First, requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 832-35 (1976). Those policies are particularly important here given that Mr. Martinez claims an ongoing pattern of retaliation from March 1999 to his termination.

The September 2000 and April 2001 disciplinary actions are clearly discrete and independent actions, though part of what Mr. Martinez must necessarily claim is a "continuing violation." Because the rule in Morgan requires a Title VII plaintiff to exhaust administrative remedies for each individual discriminatory or retaliatory act, and precludes reliance upon a continuing violation theory, we affirm the judgment of the district court.

Consistent with the Court's opinion in Morgan, our holding today does not negate the relevance of allegedly retaliatory incidents as to which administrative remedies have not been exhausted, when these incidents occurred after the filing of the judicial complaint. As the Court in Morgan explicitly noted "[n]or does the statute bar an employee from using prior acts as background evidence in support of a timely claim." Morgan, 536 U.S. at 113. Although circumstances in which acts occurring after the filing of the complaint provide evidence of employer

motivation for prior actions may be unusual, our decision today heeds the teaching of the Supreme Court and leaves open that very possibility. See Lyons v. England, 307 F.3d 1092, 1109 (9th Cir. 2002).

We also think it proper to comment briefly on Mr. Martinez's attempted revision of his pleadings through a summary judgment response. The summary judgment response attempted to add the April 2001 termination. Although other circuits have rejected the validity of such attempts, see Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996); Fisher v. Metro. Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990), our cases interpret the inclusion of new allegations in a response to a motion for summary judgment, as a potential request to amend the complaint. See Viernow v. Euripides Dev. Corp., 157 F.3d 785, 790 n.9 (10th Cir. 1998) ("Issues raised for the first time in a plaintiff's response to a motion for summary judgment may be considered a request to amend the complaint pursuant to Fed. R. Civ. P. 15."); Id. at 797 n.26; Evans v. McDonald's Corp., 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Of course, our rule does not preclude the moving party from notice and an opportunity to be heard on whether an amendment should be permitted. After all, a request to amend may be denied where the new theory would prejudice the moving party. Evans, 936 F.3d at 1090-91. Here, the government vigorously opposed amendment in its reply brief, Aplt. App. at 70-74, arguing that discovery

had been completed and it would need to depose an additional three witnesses. We cannot exercise the district court's discretion to allow an amendment. Although we have recognized that permitting argument and addressing an issue in a summary judgment order may be indicative of the district court's decision to permit amendment, see Viernow, 157 F.3d at 797 n.26, we do not think that is what happened here. Instead, the district court set out the government's numerous objections to amendment in its decision, and never ruled upon the issue. The court avoided the issue by holding that regardless the termination claim would fail on the merits. In these circumstances, the complaint was not amended and the government's objections were entitled to be heard. If an amendment is permitted, we think the federal rules contemplate a formal amended complaint, an amended answer and inclusion of the issue in the initial pretrial report and the pretrial order. Corroborative of our conclusion that the complaint was not amended is that Plaintiff never moved to amend, and no amended complaint was filed.

AFFIRMED.