**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARCELLUS H. BAKER,

      Plaintiff-Appellant,

v.

VIA CHRISTI REGIONAL
MEDICAL CENTER,

      Defendant-Appellee.

No. 07-3239
(D.C. No. 06-CV-2168-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Appellant Marcellus Baker sued his former employer, Via Christi Medical

Center, for racial discrimination, sexual harassment, and retaliation under

Title VII of the Civil Rights Act of 1964. The United States District Court for the

District of Kansas granted summary judgment to Via Christi. Mr. Baker appeals

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pro se, generally arguing that he is entitled to a jury determination on the merits of his case. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Mr. Baker, an African-American, applied in March 2002 for work as a patient-care technician for Via Christi in Wichita, Kansas. Via Christi's employment application required a listing of all criminal convictions and asked for the reason the applicant left his previous jobs. Mr. Baker stated that "over 16 years ago [he] got in trouble for an assault, but [he] had no trouble with the law since" and that he left a prior job to start school. R., Doc. 74, Dep. Ex. 14 at 13. Mr. Baker certified that the information he provided was complete and correct and that Via Christi could terminate his employment for false statements or omissions on the application. As Via Christi later learned, the reality was that Mr. Baker had been convicted of rape and aggravated burglary and discharged from employment for failing a drug test.

Via Christi hired Mr. Baker. In fall 2002 and 2003, he was disciplined for inappropriate conduct toward female co-workers and in February 2005, he was alleged to have made sexual advances toward a young female employee. As part of the investigation into the 2005 allegations, Via Christi interviewed Mr. Baker. He denied the charges and claimed that, in reality, a co-worker had made sexual comments and overtures to him. He declined to name the individual, however, unless the interviewer named the witnesses against him. Stating that the

investigator had already decided he was guilty, Mr. Baker stood up and said he was leaving to get a lawyer. When warned that his leaving the room would be considered a resignation, he threw down his badge and walked out the door. Via Christi fired Mr. Baker the same day, for misconduct and violation of company policy.

Mr. Baker subsequently wrote Via Christi a letter alleging that during his employment he had been sexually harassed, subjected to racial slurs, and witnessed a staff member's inappropriate touching of a dying man. Via Christi responded in writing with a statement that Mr. Baker's refusal to provide details of the incidents meant that it could only note the concerns in his file. Via Christi's letter also warned of the consequences of violating federal laws of patient privacy.

Mr. Baker filed a charge with the Equal Employment Opportunity Commission (EEOC), complaining of sexual harassment and retaliation. After receiving notice of his right to sue, Mr. Baker filed suit alleging a sexually hostile work environment, retaliation for engaging in protected activity, and also discrimination based on race. Via Christi filed a motion for summary judgment and Mr. Baker responded with unsupported, accusatory statements. The district court issued a Memorandum and Order that carefully parsed Mr. Baker's stated claims.

First, the district court's order discussed the feasibility of the racial discrimination claim in light of its omission from the EEOC charge. As the court indicated, "[a]n employee wishing to challenge an employment practice under Title VII must first file a charge of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (quotation omitted). The administrative requirement "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003). Because Mr. Baker's EEOC charge did not mention discrimination on the basis of race, the district court concluded that Via Christi was entitled to summary judgment on this claim.

Concerning Mr. Baker's allegations of sexual harassment, the district court reviewed the requisite showing for a claim of hostile or abusive work environment based on sex. To "determin[e] whether an actionable hostile work environment existed," a court looks "to all the circumstances, to see if the workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the plaintiff's employment, and if the plaintiff was subjected to this abusive environment because of [his protected class]." *Montes*, 497 F.3d at 1169-70 (quotations, citation, and alterations omitted). Mr. Baker alleged two discrete and unrelated

incidents: (1) a female co-worker's grabbing his buttocks in 2003 and (2) the episode with the dying patient in 2005. Without "trivializ[ing] the difficulty that may have been subjectively felt by [Mr. Baker]," *Somoza v. Univ. of Denver*, No. 06-1488, 2008 WL 162764, *9 (10th Cir. Jan. 18, 2008), the district court concluded that Mr. Baker had not raised a legally actionable claim of sexual harassment. Accordingly, the district court determined that Via Christi was entitled to summary judgment on this claim.

Mr. Baker's final claim was that Via Christi retaliated against him for complaining about sexual harassment during its investigation. The district court correctly explained that a prima facie case of retaliation requires a showing that (1) the plaintiff "engaged in a protected activity;" (2) the employer "took an action that a reasonable employee would have found materially adverse;" and (3) a "causal connection [exists] between the protected activity and the adverse action." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (quotation omitted).

The district court's ruling focused on the "materially adverse" prong. Mr. Baker has consistently maintained that Via Christi did not fire him, he quit. According to Mr. Baker, Via Christi's response to his letter was the material action taken against him. And according to the district court "no reasonable person could find the act of sending the responsive letter an adverse action." R., Doc. 80, at 13-14. As a result, the district court concluded, summary

judgment was appropriate for a failure to demonstrate a prima facie case of retaliation.

## II. Discussion

This court reviews a district court's grant of summary judgment de novo, applying the same legal standard used by the district court. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005). To affirm the district court, we must satisfy ourselves that the pleadings and admissible evidence demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(c)).

We "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* Nevertheless, "the nonmoving party must, at a minimum, direct the court to *facts* which establish a genuine issue for trial. In the face of a properly supported motion for summary judgment, the nonmoving party may not rely upon unsupported allegations without 'any significant probative evidence tending to support the complaint.'" *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (further quotation omitted). "[W]e liberally construe pro se pleadings" and other papers, but "pro se status does not relieve [a party] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002).

Mr. Baker asserts that the district court's entry of summary judgment was discriminatory, in that he was deprived of a jury trial due to his race, economic level, educational background, and criminal record. His claim of entitlement to a jury trial in order to bring out the facts supporting his claims misapprehends the purpose of summary judgment, which is to evaluate whether a trial is necessary. *See White*, 45 F.3d at 360. Having reviewed the parties' briefs, the record on appeal, and the pertinent case law, we perceive no merit in Mr. Baker's appeal. We agree with the district court's thoughtful analysis of the issues presented in this case. Mr. Baker's unsupported allegations cannot defeat summary judgment.

### III. Conclusion

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the same reasons articulated in its order dated June 13, 2007.

Entered for the Court


Michael R. Murphy
Circuit Judge