**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEITH FUQUA, an individual;
STACY FUQUA, an individual and on
behalf of themselves and all others
similarly situated,

        Plaintiffs-Appellants,

v.

LINDSEY MANAGEMENT CO.,
INC.,

        Defendant-Appellee.

No. 08-6165
(D.C. No. 5:07-CV-00827-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Stacy and Keith Fuqua appeal from the district court's decision granting

summary judgment in favor of Lindsey Management Co., Inc. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

The Fuquas filed an action against Lindsey, alleging that Lindsey violated the Oklahoma Residential Landlord and Tenant Act (ORLTA) and the Oklahoma Consumer Protection Act (OCPA), and breached the implied covenant of good faith and fair dealing by including unlawful and unconscionable terms in its lease agreements. The Fuquas filed the action as a class action on behalf of themselves and other similarly situated persons who had entered into residential lease agreements with Lindsey or an entity owned and/or operated by Lindsey. The case was originally filed in state court but was later removed to federal court.

In its answer, Lindsey asserted that it was not a contracting party to any of the lease agreements and that it did not own or operate any of the entities that were contracting parties. After the initial status conference, the district court entered an order allowing discovery limited to the issue of whether Lindsey was properly named as a defendant and staying all other discovery. The order also set a deadline for Lindsey to file a summary judgment motion on the proper defendant issue. After the close of the discovery period, Lindsey moved for summary judgment, arguing that it was not a proper defendant in the Fuquas' class action. The district court granted the motion as to all claims. The Fuquas have appealed the district court's decision as to the OCPA and good faith claims, but they have not appealed as to the ORLTA claim.

## II. Discussion

We review de novo the district court's summary judgment ruling. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

In their petition, the Fuquas alleged that they "entered into an Apartment Lease Contract with The Greens at Moore, an entity which [the Fuquas] are informed and believe and thereon allege is owned and/or operated [by Lindsey]."[1] Aplt. App. at 1. Based on this alleged legal relationship between Lindsey and The Greens at Moore, the Fuquas sought to establish Lindsey's liability for the allegedly unlawful terms in the lease agreement that the Fuquas entered into with The Greens at Moore. Specifically, the Fuquas alleged that "[t]his case arises out of certain provisions in [Lindsey's] lease agreement[]," *id*. at 3; that "the inclusion of the 'liquidated damages' provision, the notice provision, and the automatic renewal provision in [Lindsey's] lease[]" violated the OCPA, *id*. at 9; and that "[Lindsey] breached the implied covenant of good faith and fair dealing" by "enforcing" those provisions, *id*. at 12.

---

[1] Although the petition includes allegations on behalf of all potential class members, the Fuquas' response to Lindsey's summary judgment motion was limited for the most part to the Fuquas' claims. Accordingly, we will focus our discussion on the Fuquas' claims.

In its motion for summary judgment, Lindsey explained that it was a property management company that managed a number of residential apartment complexes in the states referenced in the Fuquas' petition, including the apartment complex where the Fuquas' formerly resided. Lindsey presented evidence that it was not a party to any of the lease agreements referenced in the petition, that it did not own any of the apartment complexes that it managed, and that it did not own or exercise control over The Greens at Moore, the property owner and contracting party for the Fuquas' lease agreement. Lindsey argued that "[e]ach of [the Fuquas'] asserted causes of action is necessarily dependent upon the assumption that [Lindsey], or an entity controlled by [Lindsey], is a contracting party to . . . the lease agreement[]." *Id*. at 24. Lindsey asserted further that

> [b]ecause [Lindsey] is not a contracting party to any of the lease agreements, it cannot be subject to liability allegedly arising from those contractual relationships. Therefore, because each of [the Fuquas'] stated causes of action seeks to subject [Lindsey] to liability arising exclusively from the lease agreements, [Lindsey] is entitled to judgment as a matter of law on each of [the Fuquas'] claims.

*Id*. at 25.

In their response to summary judgment, the Fuquas did not dispute the fact that Lindsey was not a party to the lease agreement nor did they dispute the fact that The Greens at Moore was not owned or operated by Lindsey. *See id*. at 48, 50-52. Instead, the Fuquas introduced new factual allegations and a new theory

of liability. They alleged that Lindsey drafted the lease agreement, controlled all leasing operations for The Greens at Moore, and enforced the lease agreement. *Id*. at 50-52. They argued that Lindsey, "the entity that drafted and enforced the unlawful lease agreement[], should not be allowed to escape liability just because it did not 'sign' the contract[] in question under its own name." *Id*. at 48.

In Lindsey's reply brief to its summary judgment motion, it argued that the district court should disregard the Fuquas' new theory of liability because it was "not pled or even implied in" the petition. *Id*. at 70. The district court did not address Lindsey's argument in its decision. Normally a claim or theory that is not adequately raised in the complaint will not be considered. *See*, *e.g.*, *Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997); *Charles v. Rice*, 28 F.3d 1312, 1319 (1st Cir. 1994). Our cases, however, have "interpret[ed] the inclusion of new allegations in a response to a motion for summary judgment[] as a potential request to amend the complaint." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). Relying on this line of cases, the Fuquas argue for the first time in their reply brief on appeal that "in response to Lindsey's motion for summary judgment, the Fuquas should have been permitted to amend the Petition to further allege causation and/or an agency theory of liability." Aplt. Reply Br. at 9 n.6. This court generally does not consider issues that were not presented to the district court. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). Even if we were to consider this argument, we find no abuse of discretion in the

district court's failure to permit the Fuquas to amend their petition because they did not provide the district court with adequate notice that they wanted to do so. The Fuquas never sought leave to file an amended complaint, they never asked that their response to summary judgment be treated as a request to amend, and they never filed an amended complaint. *See Martinez*, 347 F.3d at 1212 (noting that when an amendment by summary-judgment response is permitted, "the federal rules contemplate a formal amended complaint [and] an amended answer").

### III. Conclusion

The Fuquas' failure to dispute the evidence presented by Lindsey is sufficient to affirm the district court's summary judgment decision. The sole focus of the summary judgment motion was on whether Lindsey was a proper defendant. Lindsey's alleged legal relationship with The Greens at Moore provided the basis for the Fuquas' petition against Lindsey and was necessary to establish the Fuquas' theory of liability as alleged in the petition. Because the Fuquas failed to show that there was a genuine issue of material fact on the question of whether Lindsey was a proper defendant as alleged in the petition, summary judgment in Lindsey's favor on all claims was appropriate.[2] *See Celotex*

---

[2] The district court granted summary judgment on different grounds, but "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by

(continued...)

-6-

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

The judgment of the district court is AFFIRMED. Lindsey's motion for leave to file a sur-reply is DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge

---

[2](...continued)
the district court." *Dist. 22 United Mine Workers v. Utah*, 229 F.3d 982, 990 (10th Cir. 2000) (quotation omitted).