**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

A. SUSAN MARQUEZ,

      Plaintiff-Appellant,

v.

MARTHA JOHNSON, Administrator,
General Services Administration Agency,

      Defendant-Appellee.

No. 13-1021
(D.C. No. 1:11-CV-00545-WJM-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

---

A. Susan Marquez appeals the district court's grant of summary judgment in favor of her employer, the General Services Administration (GSA), on her claims of retaliation and retaliatory hostile work environment under Title VII, 42 U.S.C. § 2000e–3(a), and her claims under the Privacy Act, 5 U.S.C. § 552a. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.    BACKGROUND

The district court provided a comprehensive discussion of the underlying facts so we discuss only those facts relevant to the issues presented for our review. Ms. Marquez is an employee of the GSA. Her Title VII claims are for retaliation and a retaliatory hostile work environment for protected Equal Employment Opportunity (EEO) activity based on conduct by her supervisor, H. Jan Faulkner. On December 31, 2009, Ms. Marquez filed an EEO complaint asserting that Ms. Faulkner had retaliated against her for being listed as a witness in an EEO matter filed by a coworker, Jaime Hernandez. She claimed that shortly thereafter, in January 2010, Ms. Faulkner retaliated against her for filing her EEO complaint by compelling her to take a work assignment she did not want and by not promoting her. She also asserted that the compelled-work assignment and failure to promote, as well as Ms. Faulkner's failure to accommodate her in a job reassignment, created a hostile work environment as retaliation for her EEO complaint. She sought EEO counseling on June 17, 2010, and filed another EEO complaint on August 5, 2010, based on the alleged hostile work environment. Ms. Marquez also brought claims under the Privacy Act asserting that Ms. Faulkner had improperly divulged her medical information and information about her EEO activity.

The district court granted the GSA's motion for summary judgment. On the Title VII retaliation claims, the court held that Ms. Marquez failed to administratively exhaust her compelled-work-assignment and failure-to-promote

claims. The court further determined that the circumstances alleged did not rise to the level of a hostile work environment and that Ms. Faulkner had not known of Ms. Marquez's involvement in the Hernandez EEO matter, so she could not have retaliated for it. The court also granted summary judgment to the GSA on the Privacy Act claims because Ms. Marquez had not satisfied the elements for such a claim.

II.     DISCUSSION

A. Standards of Review

"We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (internal quotation marks omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Ms. Marquez complains that the district court improperly accepted the GSA's statement of facts and disregarded her own. The district court ruled that Ms. Marquez's proffered statement of facts relied almost exclusively on her affidavit that "contain[ed] inadmissible hearsay statements, and statements made without a factual basis." Aplt. App. at 304. In addition, her filing "failed to admit or deny, in correspondingly numbered paragraphs, any facts set forth in Defendant's Statement of Material Facts section, as required by [local court rules]." *Id.* at 303-04. *See* D.C. Colo. L. Civ. R. 7.1(D); WJM Practice Standards III.E.5 (eff. 12/1/2012).

The district court properly refused to consider hearsay evidence on summary judgment. *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1210 (10th Cir. 2010). As for the application of local court rules, "this court has recognized that district courts have discretion in applying local rules." *Vittoria N. Am., L.L.C. v. Euro-Asia Imports Inc.*, 278 F.3d 1076, 1081 (10th Cir. 2001) (alterations omitted); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011) (reviewing for abuse of discretion enforcement of rule requiring counsel to confer on non-dispositive motions). The district court did not merely rely on Ms. Marquez's failure to follow the local rules to "relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56([a])," *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002), but properly addressed the merits of the motion for summary judgment. Moreover, Ms. Marquez has not made any appellate argument challenging the district court's application of the local rules or refusal of hearsay evidence. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."). Accordingly, we find no abuse of discretion in the district court's acceptance of the GSA's statement of facts.

B. Title VII Retaliation–Compelled Work Assignment and Failure to Promote

"Title VII forbids retaliation against an employee because she has 'opposed' any practice made unlawful by Title VII, or because she has 'participated . . . in an investigation, proceeding, or hearing'" regarding a claim of discrimination. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004) (quoting 42 U.S.C. § 2000e–3(a)).

- 4 -

As an employee of the GSA, Ms. Marquez was required to "initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *cf. Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1340 (10th Cir. 1998) (stating hostile work environment claim by federal employee was timely because plaintiff "met with [an EEO counselor] within at least 45 days of the alleged sexual harassment").

Ms. Marquez alleged that Ms. Faulkner violated Title VII's anti-retaliation provision by compelling her to a work assignment that she did not want and by failing to promote her, in retaliation for her December 2009 EEO complaint. It is undisputed that Ms. Marquez was compelled to take the work assignment in January 2010. She initiated contact with an EEO counselor on June 17, 2010, more than 45 days later. Therefore, she failed to timely exhaust her administrative remedies for this claim.

Ms. Marquez contends that her non-promotion was in July 2010, so her August 2010 EEO complaint served to exhaust administrative remedies. But the district court found that under the GSA's accepted facts, Ms. Marquez's failure-to-promote claim arose in January 2010; and pursuant to Ms. Marquez's deposition testimony, she knew in January 2010 that she would not be promoted. Therefore, this claim was also not timely exhausted.

Ms. Marquez alternatively argues that exhaustion was not required.  Her position is inconsistent with prevailing Supreme Court and Tenth Circuit law, which require a claimant to file a charge within the appropriate limitations period as to each discrete act of retaliation.  *E.g., Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-113 (2002); *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).

C. Title VII Retaliation–Hostile Work Environment

Next, Ms. Marquez asserts that Ms. Faulkner retaliated against her for filing the December 2009 EEO complaint by creating a hostile work environment.[1]  She alleges that the hostile environment consisted of the January 2010 failure to promote, the January 2010 compelled-work assignment, and the fact that Ms. Faulkner "minimize[d] the impact of the [January 2010] realignment on everyone involved," except for her, Aplt. Br. at 24.

As noted, Ms. Marquez sought EEO counseling on June 17, 2010, past the 45-day time limit.  However, an act contributing to the hostile work environment that occurred outside the filing period "may be considered to complete the history of acts comprising the hostile environment."  *Holmes v. Utah, Dep't of Workforce Servs.*, 483 F.3d 1057, 1063 (10th Cir. 2007) (citing *Morgan*, 536 U.S. at 117).  Nevertheless, while "consideration of the entire scope of a hostile work environment

---

[1]     Ms. Marquez apparently pursued in the district court a hostile-work-environment-retaliation claim based on race, for which the court found she had not established a prima facie case.  This claim is abandoned on appeal due to Ms. Marquez's lack of argument and authority.  *See Toevs*, 685 F.3d at 911.

claim, including behavior alleged outside the [applicable] time period, is permissible for the purposes of assessing liability, [there must be] an act contributing to that hostile environment . . . within the [applicable] time period." *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1140 (10th Cir. 2008) (emphasis and internal quotation marks omitted).

The filing period for this claim commenced May 3, 2010, 45 days before Ms. Marquez sought EEO counseling on June 17, 2010. Ms. Marquez has alleged no hostile-work circumstances occurring within the filing period.[2] Consequently, we affirm the district court's grant of summary judgment in the GSA's favor on this claim, albeit for different reasons than the district court. "[W]e may affirm a district-court judgment on any ground appearing from the record so long as the litigants had a fair opportunity to develop the record and to address the ground on which we rely." *Center For Native Ecosystems v. Cables*, 509 F.3d 1310, 1324 (10th Cir. 2007) (citation omitted).

### D. Title VII Retaliation–Listed as Hernandez Witness

Ms. Marquez alleges that Ms. Faulkner retaliated against her for being listed as a witness in an EEO proceeding filed by Jaime Hernandez, although she did not

---

[2]     Even if we considered as contributing to a hostile work environment the list of allegedly harassing conduct Ms. Marquez relies on for her claim concerning the Hernandez EEO matter, *see* Aplt. Br. at 29-31, she has not made clear the dates on which that conduct occurred, and the record indicates that none of the conduct fell within the filing period.

testify in that proceeding.[3]  The district court determined that Ms. Faulkner had been unaware of Ms. Marquez's proposed participation in the Hernandez matter, so she could not have retaliated.

In her December 2009 EEO complaint, Ms. Marquez alleged that she was being retaliated against because she was aware of Mr. Hernandez's EEO complaint against Ms. Faulkner.  Aplt. App. at 89.  On appeal, she points to Ms. Faulkner's November 30, 2010, affidavit for evidence that Ms. Faulkner knew about Ms. Marquez's involvement in the Hernandez matter.  But the cited portion of the declaration states that Ms. Faulkner learned of Ms. Marquez's EEO complaint after that complaint was filed.  Aplt. App. at 143; *see also* Aplee. Supp. App. at 123 (Faulkner's Mar. 2, 2012, Declaration stating that "as of April 2010, [she] did not know that Plaintiff was involved [as a] witness to Jaime Hernandez's EEO complaint").  "[I]nformation of which an employer is unaware cannot be inferred to be the basis for the employer's decision to take action against the employee." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1200-01 (10th Cir. 2008).  Therefore, the district court correctly granted summary judgment in favor of the GSA on this retaliation claim.

---

[3]  The district court also addressed a retaliation claim based on Ms. Faulkner's alleged attempts to influence Ms. Marquez's then-supervisor, Victoria Deal.  She has not pursued this claim on appeal, so we consider it to be abandoned. *See Toevs*, 685 F.3d at 911.

E.  Privacy Act

The Privacy Act states:  "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ."  5 U.S.C. § 552a(b). Some disclosures are authorized and do not violate the Privacy Act.  *See id.* § 552a(b)(1)-(12); 5 C.F.R. § 297.401.  Ms. Marquez alleges that the GSA violated the Privacy Act when Ms. Faulkner (1) told the staff that she was on medical leave and had a cancer scare; and (2) mentioned to Patricia Honley, another GSA employee, that the EEO complaints filed against Ms. Faulkner by Ms. Marquez and Mr. Hernandez had been terminated.

"For a plaintiff to succeed on a Privacy Act claim, [she] must demonstrate the following four elements:  (1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected the plaintiff, and (4) the disclosure was willful or intentional."  *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010).  To be considered "intentional or willful" under the Privacy Act, the disclosure must be "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or conduct committed without grounds for believing it to be lawful or action flagrantly disregarding others' rights under the Act."  *Id.* (internal quotation marks omitted).

The district court held that the statement concerning Ms. Marquez's medical condition was based on the staff's need for information and was authorized by 5 C.F.R. § 297.401(a). Ms. Marquez asserts that the cancer-scare information was not work-related. She did not allege, however, that this information was revealed to the entire staff. *See* Aplt. App. at 189-90. Nor does she dispute Ms. Faulkner's position that the disclosure was necessary to an investigator regarding Ms. Marquez's claim for medical and therapy expenses. On the claim that Ms. Faulkner violated the Privacy Act by mentioning that the EEO complaints had been terminated, the district court held that Ms. Faulkner's statement was based on her personal knowledge and was not information from a system of records.

We agree with the district court's reasoning. In addition, Ms. Marquez has made no argument and pointed to no evidence that Ms. Faulkner's disclosure of information was "intentional or willful" within the meaning of the Privacy Act. Accordingly, we affirm the grant of summary judgment in the GSA's favor on the Privacy Act claim.

III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Wade Brorby
Senior Circuit Judge