FILED
United States Court of Appeals
Tenth Circuit

October 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHERRY GOLDSBY,

Plaintiff - Appellant,

v.

DEBORAH LEE JAMES, Secretary,
Department of the Air Force,

Defendant - Appellee.

No. 14-6104
(D.C. No. 5:13-CV-01337-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Plaintiff Sherry Goldsby brought this employment discrimination/retaliation

action against the Secretary of the Air Force seeking relief under Title VII and other

remedial bases. After noting that Title VII preempted the other claims asserted, the

district court dismissed the case because (1) some of the Title VII claims had not

been exhausted and (2) the remaining claims were untimely. Ms. Goldsby moved for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief under Fed. R. Civ. P. 59, which the district court denied. Ms. Goldsby now appeals from the latter ruling. We review the denial of a Rule 59 motion for abuse of discretion, although we consider any legal questions raised by the motion de novo. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201-02 (10th Cir. 2012). Ms. Goldsby does not challenge the district court's preemption holding. She argues only that the district court erred with respect to its rulings on exhaustion and timeliness. We review both of those rulings de novo, *Dossa v. Wynne*, 529 F.3d 911, 913 (10th Cir. 2008) (exhaustion); *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256 258 (10th Cir. 1994) (timeliness), and affirm for the reasons explained below.

Exhaustion

Included in Ms. Goldsby's Title VII complaint were claims omitted from her initial and amended EEOC charge—most significantly involving her termination, which occurred later. The district court invoked the now-established rule that "each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted," *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) (brackets and internal quotation marks omitted), and dismissed the omitted claims for failure to exhaust. The district court properly rejected Ms. Goldsby's inapt reliance on outdated authority permitting pursuit of unexhausted claims when "reasonably related" to those included in an administrative charge. *See Eisenhour v. Weber City*, 744 F.3d 1220, 1227 (10th Cir.

- 2 -

2014) (explaining abrogation of exhaustion exception for reasonably related claims by discrete-incident rule).

Ms. Goldsby argues that a limited qualification on the discrete-incident rule permits her to pursue her unexhausted claims. She misunderstands the import of the qualification. In *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003), we noted that unexhausted incidents of prohibited conduct may be cited "as background evidence in support of a timely [and exhausted] claim." *Id.* at 1211 (internal quotation marks omitted). This does not mean, as Ms. Goldsby appears to maintain, that she can *pursue Title VII relief* on her unexhausted claims—if it did, this limited qualification would effectively nullify the discrete-incident rule. Rather, it means only what it says: if a plaintiff has other viable Title VII claims, the unexhausted incidents may, if relevant, provide some evidentiary support for them. Here the district court held that Ms. Goldsby's exhausted claims were time-barred. We turn to that ruling next. [1]

### Timeliness

A few procedural facts must be recounted to put the district court's timeliness ruling in context. Ms. Goldsby initially asserted her claims pro se in a prior action, which was dismissed without prejudice when she failed to respond to a motion to

---

[1] Another principle Ms. Goldsby invokes to circumvent her failure to exhaust actually has nothing to do with exhaustion and hardly merits comment. She notes that a plaintiff's summary judgment response may be construed as a request to amend the complaint to add new claims (such as Title VII claims) discussed in the response, but that does not obviate the need to exhaust any Title VII claims interjected into a case in this manner.

- 3 -

dismiss after being warned about the consequences of such noncompliance. With the assistance of counsel, she filed a Rule 59 motion seeking to reopen the case and to amend her complaint. The district court denied the motion, holding that the most appropriate course would be to file a new action, particularly given Ms. Goldsby's indicated intention to reframe the case with new pleadings. Ms. Goldsby did not appeal. Instead, she waited nearly four months and then filed this action.

Under 42 U.S.C. § 2000e-16(c), an unsuccessful claimant has ninety days from receipt of the EEOC's right-to-sue letter in which to file an action under Title VII in district court. Receipt by mail is presumed after three days, *see* Fed. R. Civ. P. 6(d); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying same presumption in prior Rule 6(d) to receipt of right-to-sue letter), and Ms. Goldsby has not rebutted that presumption here. Consequently, she had ninety-three days from July 29, 2012, to file in district court. She filed this action on December 19, 2013. The district court noted that even if she were given the benefit of equitable tolling for all of the time spent pursuing her prior case, this action would still be plainly late— because she inexplicably waited nearly four months to file after the final disposition of her prior case. She contends the ruling in that case, dismissing it without prejudice to refiling, somehow sanctioned or excused her belated initiation of this second action. But all the court did in the prior case was hold that starting afresh with reframed pleadings was more appropriate than reopening the case; it did not extend the time period for filing. And it certainly did not purport to grant a new

filing period even longer than the ninety days fixed by Congress in § 2000-e16(c). Accordingly, when presented with the complaint in the instant case, which was untimely under even the most generous equitable-tolling accommodation, the district court properly dismissed it.

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge