**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MELEAHA R. GLAPION,

     Plaintiff - Appellant,

v.

SALLY JEWELL, Secretary,
U.S. Department of the Interior,

     Defendant - Appellee.

No. 16-1219
(D.C. No. 1:14-CV-03236-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Meleaha Glapion, proceeding pro se, appeals the district court's order granting summary judgment in favor of defendant Sally Jewell on Glapion's Title VII discrimination and retaliation claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

In December 2013, Glapion applied for one of two open program analyst positions with the Bureau of Reclamation ("BOR"), a component of the Department of the Interior ("DOI"). The position involved work in the areas of water resource policy, contracting, and management, and was graded at the GS-5 to GS-9 level. Karl Stock, the manager of the Reclamation Law Administrative Division, recommended Glapion for one of the positions at the GS-7 level and another applicant, Scott Hutchins, at the GS-9 level. These recommendations were based on interviews with the candidates, as well as scores assigned to them by a rating panel during the preliminary selection process. Glapion had received a score of 35 out of 70 points based on her limited experience with water resources and apparent weaknesses in her writing abilities. Hutchins had been assigned a score of 56. Stock determined that Hutchins had "a far greater command of the principles of program and policy analysis as related to natural resources management than did Ms. Glapion" and would be able to immediately take on job assignments with minimal supervision. Glapion, on the other hand, would require more training, coaching, and time on the job before she could act independently.

Glapion accepted a tentative job offer at the GS-7 level in March 2014. Thereafter, she completed a form OF-306, which is used to determine an applicant's acceptability for federal employment. On the form, Glapion indicated that she had previously been removed from her position with the U.S. Department of Housing and Urban Development ("HUD"), and that claims related to her termination were then

2

pending before the Equal Employment Opportunity Commission ("EEOC") and the Merit System Protection Board ("MSPB").

Ronald Dale, a BOR human resources specialist responsible for pre-screening potential hires, concluded that a determination regarding Glapion's suitability for employment could not be made until there was a final disposition of her EEOC and MSPB claims. Dale relied on the Office of Personnel Management Suitability Processing Handbook, which provides that if an applicant has pending litigation regarding a prior termination, consideration for employment cannot occur until evidence of the outcome of the litigation is submitted. Based on personal knowledge that such claims could take months or even years to resolve, Dale determined that the best course of action would be to withdraw Glapion's offer of employment. In April 2014, Dale sent a letter to Glapion rescinding the offer.[1] Because of personnel changes within the reclamation law division, BOR did not try to recruit anyone else for the program analyst position.

Glapion filed a formal Equal Employment Office ("EEO") complaint against the BOR in May 2014, alleging discrimination and retaliation based on race, color, sex, and prior EEO activity in connection with her selection at the GS-7 level and the subsequent withdrawal of her employment offer. She then filed suit in federal district

_____

[1] At the time Dale sent the withdrawal letter, he knew only what Glapion had disclosed on the OF-306 form. Approximately two weeks later, however, Dale was provided with a copy of the MSPB's decision, dated March 28, 2013, in which an administrative law judge upheld Glapion's prior termination from HUD. Glapion never informed the BOR of the March 2013 decision or her subsequent appeal.

court. The court granted summary judgment for the DOI, and Glapion timely appealed.

## II

"We review de novo the district court's decision to grant summary judgment." Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1142 (10th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Glapion "cannot avoid summary judgment merely by presenting a scintilla of evidence to support her claim; she must proffer facts such that a reasonable jury could find in her favor." Turner, 563 F.3d at 1142.

## A

Glapion argues that the BOR discriminated against her based on her race, color, and/or sex by offering her the program analyst position at the GS-7 level, rather than the GS-9 level for which she qualified. We disagree.

Without direct evidence of discrimination, a plaintiff "must rely on the three-part, burden-shifting framework set out by the Supreme Court in McDonnell Douglas." Barlow v. C.R. England, Inc., 703 F.3d 497, 505 (10th Cir. 2012). "Under this framework, the plaintiff must first put forth a prima facie case of discrimination." Id. In other words, she must "demonstrate[] that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." Id. (quotation omitted).

4

To establish such an inference, Glapion relies on Hutchins—a Caucasian male who was offered the program analyst position at the GS-9 level—as a comparator. But "[a] plaintiff wishing to prove discriminatory animus with evidence that [an] employer treated [her] differently from other employees bears the burden of showing that the comparison is legally relevant—i.e., that the employees were similarly situated." Hysten v. Burlington N. & Santa Fe Ry. Co., 296 F.3d 1177, 1182 (10th Cir. 2002).

We agree with the district court that Glapion and Hutchins were not similarly situated. The rating panel scored Glapion 21 points lower than Hutchins on a 70-point scale and noted weaknesses in her writing skills. Hutchins also had more experience relevant to the program analyst position, including near completion of a law degree for which he had taken several classes related to water resources. Accordingly, Glapion has failed to demonstrate that the circumstances surrounding the BOR's decision to offer her a job at a lower grade than Hutchins give rise to an inference of unlawful discrimination.

**B**

Glapion also contends that the BOR's reasons for withdrawing the job offer were pretext for discrimination on the basis of race, color, and/or sex. However, before Glapion can argue pretext, she must establish a prima facie case of discrimination. See Barlow, 703 F.3d at 505. Specifically, she must demonstrate that: (1) she "belongs to a protected class"; (2) she "applied and was qualified for" an available position; (3) she was rejected, despite her qualifications; and (4) "the

5

position remained open and the employer continued to seek" similarly qualified applicants. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (quotations omitted). Because the BOR did not continue to seek applicants for the program analyst position after its withdrawal of Glapion's job offer, Glapion cannot make out a prima facie case of discrimination.[2]

## C

We further reject Glapion's claim that her selection at the GS-7 versus GS-9 level, and the BOR's later decision to rescind the employment offer, constituted retaliation for her prior EEO activity. To present a prima facie case of retaliation, Glapion must show "a causal connection . . . between [her] protected activity and the adverse action." Kendrick, 220 F.3d at 1234. But the facts belie any such connection: Glapion told Stock about her EEO activity during her interview, yet he still offered her the position. Moreover, there is no evidence that her selection at the GS-7 level was related to her prior EEO activity.

Even if Glapion could establish a causal connection, the DOI provided a legitimate, non-discriminatory reason for withdrawing the offer: the BOR could not determine Glapion's suitability for employment until there was a final disposition of

---

[2] Glapion also appears to contend that when the BOR rescinded her employment offer, it made a constructive suitability determination despite the lack of evidence that "employing her would adversely affect the integrity or efficiency of the service of the [DOI]." Because Glapion raises this argument for the first time on appeal, we will not consider it. See Turner, 563 F.3d at 1143 ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

her EEOC and MSPB claims; however, it could not hold the program analyst position open that long. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Retaliation claims . . . are . . . subject to the burden-shifting analysis of McDonnell Douglas."). At that point, the burden shifted to Glapion to put forth evidence of pretext. See id. at 1192-93; see also Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1308 (10th Cir. 2005) ("A plaintiff demonstrates pretext by producing evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally . . . infer that the employer did not act for the asserted non-discriminatory reasons." (quotation omitted)). Because she has not done so, her claim fails.

## D

Finally, Glapion argues that the district court erred in holding that she had failed to exhaust administrative remedies for her claim regarding the improper processing of her EEO complaint. We perceive no error.

"[A] Title VII plaintiff [is required] to exhaust administrative remedies for each individual discriminatory or retaliatory act." Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). Claims related to events that occur after an EEO complaint is filed are not exhausted unless the complainant files a new EEO complaint or amends her existing complaint. Eisenhour v. Weber Cty., 744 F.3d 1220, 1227 (10th Cir. 2014). In the course of the EEO proceedings on her discrimination and retaliation claims, Glapion raised concerns about the improper processing of her EEO

7

complaint.  However, because Glapion did not file a new complaint or amend her existing complaint to include these allegations, she did not exhaust her administrative remedies.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge