**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH E. MORRIS, JR.,

      Plaintiff–Appellant,

v.

CABELA'S WHOLESALE, INC.,

      Defendant–Appellee.

No. 11-3313
(D.C. No. 2:10-CV-02559-EFM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Kenneth E. Morris, Jr., appeals pro se from the district court's grant of

summary judgment in favor of his former employer, Cabela's Wholesale, Inc.

("Cabela's"), on his racial discrimination and retaliatory failure-to-rehire claims

brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to 2000e-17, ("Title VII").  Morris also appeals the district court's denial of his post-judgment motion to reconsider.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's grant of Cabela's summary judgment motion and denial of Morris' motion to reconsider.  We remand, however, for the district court to modify its judgment to specify that Morris' retaliatory failure-to-rehire claim was dismissed without prejudice because the claim was decided on jurisdictional grounds.  See McDonald-Cuba v. Santa Fe Protective Servs., Inc., 644 F.3d 1096, 1101 (10th Cir. 2011) (remanding unexhausted Title VII retaliation claim "with instructions to the district court to dismiss th[e] claim without prejudice").[1]

# I

Cabela's is a retailer of hunting, fishing, and other outdoor gear.  Morris worked at a Cabela's as a receiving associate from November 2, 2009, until February 4, 2010, when he was discharged.

On January 30, 2010, Morris triggered an emergency alarm when he opened an employee entrance door to take an unauthorized smoke break.  Morris did not confess to setting off the alarm, and an investigation was launched during which

---

[1]    Morris' response to Cabela's properly supported summary judgment motion does not refer to Cabela's statement of the facts or cite to any evidence in the record.  We therefore proceed in the same manner as the district court and consider only whether Cabela's was entitled to summary judgment as a matter of law, based on the undisputed facts set forth in its summary judgment motion. Fed. R. Civ. P. 56(e).

Morris and several other employees were interviewed. Although he initially denied knowing why the alarm sounded, Morris confessed to triggering the alarm after learning that Cabela's security cameras probably recorded the incident. At the end of the interview, Morris agreed to write a statement about his involvement. In the statement, he admitted to opening the alarmed door to smoke a cigarette and apologized for not speaking up.

Human resources determined that Morris' actions violated several company policies of which he was aware and terminated his employment. Four days later, Morris filed a racial discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that Cabela's fired him because he is black. In September 2010, Morris applied for another position with Cabela's. Some weeks later, the hiring manager told Morris that he had filled the open positions with individuals he believed to be better applicants.

The EEOC subsequently issued a right-to-sue letter for Morris' racial discrimination claim, and Morris filed this lawsuit alleging that Cabela's had terminated his employment because of his race and that it did not rehire him in retaliation for filing an EEOC charge. Cabela's moved for summary judgment asserting that it had discharged Morris because he violated company policies when he set off the alarmed door, took an unauthorized smoke break, and (initially) denied knowing why the alarm was triggered. Cabela's also asserted

that Morris' retaliatory failure-to-rehire claim must be dismissed because he did not exhaust this claim by filing a new EEOC charge regarding it.

The district court granted summary judgment in favor of Cabela's. Morris then filed a post-judgment motion in which he asserted that an employee named Glen, "who he couldn't remember at the deposition," would testify to disparate racial treatment. The district court denied the motion.

## II

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 997 (10th Cir. 2011). "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quotation omitted).

## A

Cabela's did not dispute, for summary judgment purposes, that Morris established a prima facie case of racial discrimination. The district court therefore assumed without deciding that Morris satisfied this initial requirement of the McDonnell Douglas Corp. v. Green burden-shifting framework. 411 U.S. 792, 802-05 (1973). We make the same assumption. See Aramburu v. Boeing Co., 112 F.3d 1398, 1403 (10th Cir. 1997). The district court further concluded that Morris failed to overcome the legitimate nondiscriminatory reason offered by Cabela's for his termination: that Morris violated company policies. See Khalik

-4-

v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (explaining that after a prima facie case of discrimination is established, "[t]he burden then shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action"). Specifically, the district court concluded that Morris had no evidence to demonstrate that Cabela's nondiscriminatory reason for his termination was pretextual. See id. (explaining that the burden "shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext").

Liberally construing Morris' pro se filings, see Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), he asserts that Cabela's unlawfully terminated his employment based on his race; treated him differently than it treated white workers; and did not support its motion for summary judgment. But Morris fails to cite to any admissible record evidence, as required by Fed. R. App. P. 28(a)(9)(a), to support his unsubstantiated assertions. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (observing that Rule 28 "applies equally to pro se litigants" and that "a brief must contain . . . more than a generalized assertion of error" (quotation omitted)). Additionally, he does not dispute that he was aware of and subject to the company policies relied upon by Cabela's in deciding to terminate his employment.

Instead of challenging Cabela's reliance on company policies to support its proffered non-discriminatory reason for terminating his employment, Morris

-5-

makes conclusory, often incomprehensible arguments that are insufficient to establish pretext. See Annett v. Univ. of Kan., 371 F.3d 1233, 1241 (10th Cir. 2004) ("Mere conjecture that the [defendant] acted with discriminatory reasons will not suffice to establish pretext."). We therefore concur with the district court's conclusion that Cabela's was entitled to summary judgment on Morris' racial discrimination claim.

Further, "because we are affirming the district court's grant of summary judgment under the broader de novo standard, we do not find that the district court abused its discretion in denying [Morris'] motion for reconsideration." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). This is particularly true where, as here, an appellant offers no intelligible argument explaining how the district court abused its discretion. Cf. id. ("We will not disturb such a decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." (quotation omitted)).

**B**

The district court also correctly determined that Morris' retaliatory failure-to-rehire claim must be dismissed because he never filed a retaliation charge with the EEOC. See McDonald-Cuba, 644 F.3d at 1101 ("[E]xhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit."). We agree that Cabela's alleged retaliatory failure to rehire Morris was a discrete act

-6-

"for which administrative remedies must be exhausted." <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210 (10th Cir. 2003) (quotation omitted). Morris thus failed to meet this jurisdictional prerequisite. The district court, however, erred by deciding this claim on jurisdictional grounds and then dismissing it on the merits. Given that the court lacked jurisdiction, it was required to dismiss this claim without prejudice. <u>See</u> <u>McDonald-Cuba</u>, 644 F.3d at 1101. Accordingly, we remand for the limited purpose of correcting this error.

## III

We **AFFIRM** the district court's grant of Cabela's summary judgment motion and denial of Morris's motion to reconsider. We **REMAND** to the district court solely for it to modify its judgment to specify that the retaliatory failure-to-rehire claim was dismissed without prejudice.

Entered for the Court

Carlos F. Lucero
Circuit Judge